FRIENDLY ICE CREAM CORPORATION *vs.* COMMISSIONER OF REVENUE. June 11, 1986. *Practice, Civil,* Declaratory proceeding, Report. *Taxation,* Sales and use tax.

In this action for declaratory relief pursuant to G. L. c. 231A (1984 ed.), and G. L. c. 214, §§ 1, 8 (1984 ed.), the plaintiff seeks determinations that (1) the sales tax statute, G. L. c. 64H (1984 ed.), imposes a tax at the rate of five per cent of a vendor's nonexempt gross receipts and that a vendor is not required to pay over to the State any reimbursements collected from its customers in excess of that amount, see G. L. c. 64H, §§ 3, 4; and (2) the Department of Revenue (department), when conducting an audit of a taxpayer, is required under G. L. c. 62C, § 36 (1984 ed.), to verify both a taxpayer's underpayment and an overpayment of tax, and that the department's practice of refusing to release an audit report and the accompanying workpapers and supporting documents or to refund overpayments of tax, notwithstanding its determination that a taxpayer has overpaid taxes, violates G. L. c. 62C, § 36. The plaintiff frames both issues in the context of the department's audit of sales tax on meals returns for the period from August 1, 1980, through August 31, 1985. A single justice of this court reserved and reported the case without decision on the complaint, the answer, and a statement of agreed facts. G. L. c. 231, § 112 (1984 ed.).

1. On the question of the rate of tax imposed in this audit there is "no actual controversy" as required by G. L. c. 231A, § 1. The Commissioner does not dispute that the tax is imposed at a rate of five per cent of a vendor's nonexempt gross receipts. To the extent that the plaintiff's obligation to pay reimbursements collected from its customers in excess of five per cent may have constituted a sufficient allegation of an actual controversy, it appears that the controversy no longer exists. In this case, the dispute solely relates to the Commissioner's audit of the plaintiff's payment of past taxes. The rate to be applied for purposes of the audit is the subject of an agreement between the plaintiff and the Commissioner.[1] That agreement is presently being litigated in the Superior Court on issues other than the rate. The allegation that the plaintiff is unsure of the proper amount of sales tax to pay is

---

[1] The parties executed an agreement dated June 27, 1985, stating that the plaintiff's tax liability for purposes of the audit would be "at the rate of 5% of the gross receipts [from the sale of taxable meals], regardless of the amounts collected from customers."

unfounded because the sales tax for the audit period has already been paid and the parties have agreed to the rate. On this record, there now is no actual controversy over the rate for the audit period.

2. The plaintiff requests a declaration that "if the standard of review applied in an audit is sufficient for assessing an additional tax or reducing an assessment to zero, it is sufficient for granting refunds to the taxpayer." The record lacks sufficient material facts for us to decide this question.[2] The record before us contains only an agreement between the plaintiff and the department acknowledging that the plaintiff's consent to extend the statute of limitation for completion of the audit was contingent on the department's agreement to certain conditions. It is not apparent from the face of the agreement what the scope of review of the audit was supposed to be, nor are there any agreed facts in the record indicating the scope of review actually applied. Consequently, the issue is not properly before us.

*Report discharged.*

*Mark A. Michelson (Paul Peter Nicolai* with him) for the plaintiff.

*Carolyn V. Wood,* Assistant Attorney General, for the Commissioner of Revenue.

---

[2] The single justice reported the case, over the defendant's objection, based on the plaintiff's representation that the case presented only questions of law and could be determined on the basis of the pleadings and the agreed facts. See Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The plaintiff agreed that if the case could not be decided on that basis, the report should be discharged.